IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA PLAINTIFF

vs CRIMINAL CASE NO. 5:23-CR-50014 TLB

TORRANCE FARMER DEFENDANT

**ORDER**

Before the Court for consideration is Defendant's Motion for Production of Documents (ECF No. 117) wherein Defendant seeks a copy of the docket sheet and his plea agreement, judgment, sentencing memorandums and sentencing transcripts. The Motion is **GRANTED in part, and DENIED in part.**

(a) With respect to copies of the docket sheet, Amended Judgment (ECF No. 107) and Jury Verdict (ECF No. 68), the **Motion is granted in part, and the Court Clerk** is directed to provide copies of these items to the Defendant at his BOP address in Pollock, Louisiana.

(b) With respect to Defendant's request for sentencing memorandum and sentencing transcripts, the Court presumes Defendant is indigent as he has been incarcerated on charges in this case since on or before April 12, 2023, was determined indigent and appointed counsel in the Western District of Arkansas, and now remains in the custody of the Bureau of Prisons. In limited circumstances, indigent defendants may obtain court transcripts free of charge to challenge their convictions and sentences under 28 U.S.C. § 2255:

> Fees for transcripts furnished in proceedings brought under section 2255 of this title to persons permitted to sue or appeal in forma pauperis shall be paid by the United States out of money appropriated for that purpose if the trial judge or a circuit judge certifies that the suit or appeal is not frivolous and that the transcript is needed to decide the issue presented by the suit or appeal.

28 U.S.C. § 753(f). Section 753(f) is not implicated unless the defendant has filed an appeal or a

habeas corpus petition. *See United States v. Barnett,* 389 F. App'x 575, 575 (8th Cir. 2010) (per curiam); *United States v. Burns,* 2019 WL 4440093, at *1 (D. Minn. Sept. 17, 2019). The Supreme Court has upheld the constitutionality of § 753(f) as "a prisoner has no absolute right to a transcript to assist him in the preparation of a collateral attack on his conviction." *United States v. Lewis,* 605 F.2d 379, 379 (8th Cir. 1979) (per curiam) (citing United *States v. MacCollom*, 426 U.S. 317 (1976)).

With the assistance of counsel, Defendant has filed a second direct appeal (ECF No. 111, *United States v. Torrance Farmer*, 26-1997) of his Amended Judgment and sentence, but no appellate decision has been rendered. Defendant does not need the sentencing transcripts because his counsel possesses them (and Defendant could direct his request for copies to counsel). Defendant has not established a current legal need for copies of the transcripts.

In order to obtain copies of the transcripts from this Court in the future, Defendant would need to file a habeas case and establish that the case is timely filed, not frivolous and that the sentencing materials and transcripts are needed to decide the issue(s) presented in the habeas corpus petition. *Chapman v. United States*, 55 F.3d 390, 390–91 (8th Cir. 1995) (per curiam); *United States v. Losing,* 601 F.2d 351, 352 (8th Cir. 1979) (per curiam). Because Defendant's direct appeal remains pending, a habeas action is premature. Moreover, this Court cannot preemptively determine whether a future habeas petition would be timely, non-frivolous or whether his sentencing transcripts would be required to decide any issues presented by such a theoretical petition.

**For these reasons, Defendant's Motion seeking sentencing memorandums and sentencing transcripts (ECF No. 117) is DENIED.**

To the extent Defendant continues to seek the sentencing transcript for a reason other than to file a habeas corpus petition, Defendant's Motion offers no reason for his request and thus, has

neither shown sufficient need for a sentencing transcript nor identified any legal basis why he needs his sentencing transcripts from this Court. *See United States v. Casteel*, 2014 WL 12935634, at *3 (S.D. Iowa May 28, 2014) (denying defendant's motion for transcripts because there was no pending action under § 2255 or any other legal basis on which to grant the defendant's motion); *see also United States v. Slaughter*, 2011 WL 13141448, at * 1 (D. Minn. May 31, 2011) (cleaned up) (quoting *Culbert v. United States*, 325 F.2d 920, 922 (8th Cir. 1964)).

For these reasons, **Defendant's Motion (ECF No. 117) is GRANTED in part, and DENIED in part**, as set forth above.

**IT IS SO ORDERED** this 8th day of September 2026.

Christy Comstock
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE